NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0589n.06
Filed: August 15, 2007

No. 06-4357

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KATHERINE E. CLINE, CLIFFORD E. HARDIN, MAXINE L. HARDIN, and JOHN SPAETH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| RELIANCE TRUST COMPANY, | ) ) | |
| Defendant-Appellee. | ) ) | OPINION |

**Before: COLE and GILMAN, Circuit Judges; and MARBLEY, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Plaintiffs Clifford and Maxine Hardin, along with other plaintiffs who have since withdrawn from the case, originally brought this action in Ohio state court, alleging various state-law claims of securities fraud against Reliance Trust Company. The Hardins seek to recover the retirement savings that they lost in a Ponzi scheme involving the sale and leaseback of pay telephones. Reliance acted as the custodian of the Hardins' self-directed Individual Retirement Accounts (IRAs), which held the investment in the payphones. After Reliance

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

removed the case to federal district court, both sides moved for summary judgment. The district court granted summary judgment in favor of Reliance, concluding that the plaintiffs' 2004 lawsuit was barred by Ohio's two-year statute of limitations on claims of securities fraud.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we find no error in the district court's grant of summary judgment in favor of Reliance. The district court thoroughly explained in a well-written opinion why the two-year statute of limitations operates to bar the claims asserted by the Hardins. A detailed opinion by us covering the same ground would therefore be unduly duplicative.

On appeal, however, the Hardins emphasize that although they were aware of Reliance's "overt" role in the payphone scheme prior to July 27, 2002, they were unaware of its "covert" role as a participant in the sale of unregistered securities. They therefore contend that the two-year statute of limitations is inapplicable because they were never put on inquiry notice as required to trigger the statute. The claimed fraud is that Reliance participated with National Communications Marketing, Inc. (the seller of the payphones), sales agent Delbert Cogar, and ETS Payphones, Inc. (the company that leased the phones from the Hardins), in perpetrating this Ponzi scheme on the Hardins.

But the Hardins were put on notice of Reliance's involvement in the alleged scheme on April 5, 2000, the date they opened their IRAs with the company. As part of a single business transaction, the Hardins contemporaneously funded self-directed IRAs through Reliance, purchased payphones through their new IRA accounts, and leased the payphones back to ETS. The Hardins were thus on notice of Reliance's "participation" in the payphone sale from the very beginning for purposes of

potential liability under Ohio Rev. Code § 1707.43 (providing that every "participant" in the sale of unregistered securities is jointly and severally liable to the defrauded purchaser).

Moreover, the Hardins were put on actual notice of the Ponzi scheme perpetrated by ETS when they received Attorney Joel Goodman's letter in December of 2000, more than three and a half years before they filed suit. *See Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 562-63 (6th Cir. 2005) (holding that the limitations period for securities-fraud claims begins to run "when a plaintiff should have discovered, by exercising reasonable diligence, the facts underlying the alleged fraud"); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1326 (3d Cir. 2002) ("Plaintiffs need not know all of the details or narrow aspects of the alleged fraud to trigger the limitations period; instead, the period begins to run from the time at which plaintiff should have discovered the *general* fraudulent scheme.") (emphasis added) (quotation marks omitted). The Hardins are thus barred by Ohio's two-year statute of limitations because they knew that Reliance was a participant—whether overt or covert—in the general fraudulent scheme long before the statute had run on their claims.

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.